United States District Court
Southern District of Texas
**ENTERED**
September 24, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOCELYN HENRY, | § |
| *Plaintiff,* | § § § |
| VS. | § CIVIL ACTION NO. 4:21-cv-01139 |
| STATE FARM FIRE AND CASUALTY COMPANY, | § § § § |
| *Defendant.* | § § § § |

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Defendant State Farm Fire and Casualty Co.'s ("State Farm") Motion for Summary Judgment. (Doc. No. 10). Plaintiff Jocelyn Henry ("Plaintiff") filed a Response Opposing Summary Judgment. (Doc. No. 21). Considering the motions and applicable law, the Court hereby **GRANTS** State Farm's Motion for Summary Judgment. (Doc. No. 10).

### I. Background

In early December 2019, Plaintiff was involved in an automobile collision in Harris County, Texas—she was driving for Lyft when she was suddenly rear-ended. (Doc. No. 21 at 1). After the collision, the driver of the car that struck Plaintiff fled the scene without stopping to provide information. (*Id.*). Lyft, Inc. provides its drivers of non-owned vehicles with coverage for damage caused by uninsured motorists through a policy with State Farm. (*Id.*). After the car wreck, Plaintiff submitted a claim to State Farm alleging that this policy entitled her to benefits. (*Id.*).

State Farm did not pay the policy benefits immediately. Consequently, Plaintiff sued in state court in Harris County, bringing contract claims for the benefits owed under the policy and statutory claims under the Texas Insurance Code and Deceptive Trade Practices Act. (Doc. No. 1 at 3–6). After filing suit, but prior to the filing of this motion, Plaintiff took part in an Insurance

Examination under Oath, and the parties went to mediation. (Doc. No. 21 at 2). During the mediation, State Farm reached a settlement with all interested parties except Plaintiff, who was then paid the remaining amount available under the policy. (Doc. No. 21 at 2).

After the settlement payment, State Farm filed a Motion for Summary Judgment on all claims. (Doc. No. 10). State Farm argues that the settlement payment resolved the contractual claims as a matter of law and that the statutory claims are recharacterizations of the same damages stemming from the contractual claims. Thus, State Farm argues, there is also no genuine issue of material fact supporting either of Plaintiff's statutory claims. (Doc. No. 10 at 1).

Plaintiff acknowledges that State Farm's settlement payments mooted her contractual claims. Plaintiff argues that the statutory claims, however, are supported by evidence that creates genuine dispute over material issues. For example, Plaintiff points to the police crash report (Doc. No. 21-1) and the Lyft Certificate of Insurance (Doc. No. 21-2) to support her claim that, even with a clear right to the policy benefits, State Farm compelled her to file suit to recover the amount due in violation of TEX. INS. CODE § 542.060(4). Further, Plaintiff claims there is evidence to support her DTPA claim—namely, that State Farm's obligation and subsequent refusal to pay benefits constitutes deceptive practices in violation of TEX. BUS. & COMM. CODE § 17.45.

## II.     Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

**III.   Analysis**

  **a. The Contractual Claims**

Much of State Farm's Motion for Summary Judgment was focused on the contractual claims Plaintiff made regarding the failure to pay the amount allegedly owed under the relevant policy. Nevertheless, as State Farm paid the entirety of the policy amount after mediation, Plaintiff concedes that the contractual claims are moot and no longer of concern before the Court. Thus, the Court grants State Farm's Motion for Summary Judgment on those claims without further analysis.

  **b. The Statutory Claims**

Plaintiff's Insurance Code and TDTPA claims are still in dispute. While Plaintiff lists numerous violations, there are sparse factual allegations, and even less evidence, to support her

claims under the statutory prohibitions. Most of the First Amended Complaint consists of rote regurgitation of the relevant statutes with conclusory statements that State Farm committed these violations. (Doc. No. 7 at 2–6). However, State Farm filed a Motion for Summary Judgment instead of a motion to dismiss, so the Court must examine Plaintiff's summary judgment evidence in addition to the pleadings.

   *i.* *Sections 541 and 542 of the Texas Insurance Code*

Plaintiff's First Amended Complaint alleges violations of the Texas Insurance Code based on State Farm's conduct after Plaintiff filed her claim. (Doc. No. 7 at 4). The Insurance Code serves to "supplement[] the parties' contractual rights and obligations by imposing procedural requirements that govern the manner in which insurers review and resolve an insured's claim for policy benefits." *Menchaca*, 545 S.W.3d at 488 (citing TEX. INS. CODE § 541.060(a)). Section 541 generally prohibits insurers from engaging in a variety of "unfair settlement practices." TEX. INS. CODE § 541.060(a). Plaintiff specifically alleges that State Farm violated § 541.060(a) in several ways: 1) misrepresenting a material fact or policy provision to the coverage at issue; 2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff' claim with respect to which Defendants liability has become reasonably clear; and 3) refusing to pay a claim without conducting a reasonable investigation with respect to the claim. (Doc. No. 7 at 4).

Plaintiff further alleges deceptive acts of State Farm in violation of § 541.152, including: 1) making untrue statement of material fact; 2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; 3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; 4) making a material misstatement of law; and 5) failing to

4

disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code. (Doc. No. 7 at 4).

Without citing any specific provision of TEX. INS. CODE § 542, Plaintiff alleges that State Farm violated it: 1) by knowingly misrepresenting to Plaintiff pertinent facts or policy provisions relating to coverage at issue; 2) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies; 3) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; 4) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder; 5) failing to timely pay Plaintiff' claim; 6) unreasonably delaying payment of Plaintiff' claim; and 7) violating the Texas Deceptive Trade Practices Act. (Doc. No. 7 at 4–5).

    *ii.*    *Violations of the Texas Deceptive Trade Practices Act*

Plaintiff also alleges violations of TEX. BUS. & COM. CODE § 17.45(4). Specifically, that State Farm engaged in the following false, misleading or deceptive acts: 1) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have; 2) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; 3) advertising goods or services with intent not to sell them as advertised; 4) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; 5) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed. (Doc. No. 7 at 5–6). As a result of these statutory violations, Plaintiff

suggests that she suffered damages in "excess of the policy limits, and is also entitled to additional damages, including mental anguish" because of State Farm's committed these acts knowingly or intentionally. (Doc. No. 7 at 6).

### iii. The Independent-Injury Rule

Texas law precludes the recovery of damages beyond policy limits based on statutory claims unless the violation causes an injury independent of the loss of the benefits. *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018). Since Plaintiff failed to provide evidence of independent-injury damages caused by the statutory violations that do not "stem from" the unpayment of the policy benefits, there is no genuine issue of material fact supporting Plaintiff's extra-contractual claims.

As State Farm cites in its Motion for Summary Judgment, the relevant rule here is the independent-injury rule, which states that "an insurer's statutory violation does not permit the insured to recover *any* damages beyond the policy benefits unless the violation causes an injury that is independent from the loss of the benefits." *Menchaca*, 545 S.W.3d at 500. This rule is founded in the long-recognized principle that a "claim for breach of an insurance contract is 'distinct' and 'independent' from claims that the insurer violated its extra-contractual common-law and statutory duties." *Id.* at 489 (citing *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.3d 627, 629 (Tex. 1996)); *see also Viles v. Sec. Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990) ("[A] breach of the duty of good faith and fair dealing will give rise to a cause of action in tort that is separate from any cause of action for breach of the underlying insurance contract."). When "an insured seeks to recover damages that 'are predicated on,' 'flow from,' or 'stem from,' policy benefits, the general rule applies and precludes recovery unless the policy entitles the insured to those benefits." *Menchaca*, 545 S.W.3d at 500. Thus, Plaintiff can only defeat summary judgment if there is

evidence to raise an issue of material fact demonstrating that her claimed damages are independent from the damages resulting from the denial of policy benefits.

While State Farm's Motion for Summary Judgment does not challenge the veracity of Plaintiff's allegations of statutory violations. Nevertheless, State Farm does allude to the independent injury rule articulated by the Supreme Court of Texas. Additionally, despite nine months of extensions in filing her Response in Opposition to Summary Judgment, Plaintiff failed to address any of State Farm's legal arguments—not citing a single case in the "Arguments and Authorities" section of her brief.

Importantly, Plaintiff's summary-judgment evidence consists of the police accident report, the declaration insurance coverage from Lyft, Plaintiff's affidavit regarding the wreck, the lack of immediate benefits, and Plaintiff's medical and medical billing records. (Doc. No. 21-1–4). Each of these pieces of evidence speak only to damages related to the accident that should have arguably been covered by the policy. Plaintiff provides no evidence of harms created by the statutory violations that are independent of the non-payment of policy benefits. At summary judgment, the Court can only credit the evidence that Plaintiff provides. Plaintiff's affidavit provides no basis for damages other than State Farm's failure to pay the policy benefits. It states:

> My name is JOSELY HENRY. I am over eighteen years of age and am of sound mind and fully competent to make this affidavit. I have personal knowledge of the facts contained herein and they are all true and correct.
>
> I am the Plaintiff in the above referenced matter.
>
> On December 1, 2019 I was involved in an automobile collision in Harris County, Texas. A driver rear-ended my vehicle and fled the scene without rendering aid or providing contact/insurance information. I submitted an uninsured motorist claim, of which I was entitled to receive, benefits to Defendants State Farm Casualty Company ("State Farm"). However, Defendant State Farm refused to provide the uninsured motorist benefits I was entitled to under the terms of the policy.

7

> Due to State Farm's failure to provide me the benefits under the policy, I was forced to hire legal counsel and undergo a prolonged period of litigation. Specifically, I was required to take part in an insurance examination under oath ("EOU") as well as required to mediate my claims against State Farm.
>
> Mediation occurred on June 30, 2023. Defendant made offers of less than the remaining policy limits, which were rejected. Finally, after three years and ten months since I made my uninsured motorist claim, State Farm tendered the remaining policy limits.
>
> I swear or affirm that the above and foregoing representations are true and correct to the best of my information, knowledge, and belief.

(Doc. No. 21-3). Plaintiff's affidavit contains no information that could create a genuine fact issue regarding damages independent of State Farm's alleged failure to pay. In fact, Plaintiff specifically pleads specifically that her damages were "[d]ue to State Farm's failure to provide [Plaintiff] with the benefits under the policy. . . ." (*Id.*). As such, it is insufficient to overcome State Farm's motion for summary judgment.

In sum, Plaintiff's summary-judgment evidence needed to support the argument that some of her damages were independent of those suffered due to the Policy breach claim. Plaintiff's Response neither acknowledged this legal requirement nor provided evidence to overcome this bar to relief. Thus, Plaintiff's summary-judgment evidence, given full credibility, does not raise an issue of material fact to overcome State Farm's Motion for Summary Judgment.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** State Farm's Motion for Summary Judgment. (Doc. No. 10).

Signed this 24th day of September, 2024.

Andrew S. Hanen
United States District Judge